CITY OF KETTERING *v.* STROOP.

(No. 2320-74—Decided September 4, 1974.)

Kettering Municipal Court.

*Mr. John Blake,* city prosecutor, for plaintiff.
*Mr. Robert E. Lackey,* for defendant.

BERGER, J. This matter is before the court on a motion to dismiss filed by the defendant herein, through his attorney, on the grounds that the defendant has been charged with violating an unconstitutional law, to wit: Section 612.12 of the Codified Ordinances of the city of Kettering, Ohio. This section of the Kettering ordinances is entitled "Consumption In Parks" and reads as follows:

"(a) No person shall consume or possess any beer or intoxicating liquor in a city park. (ORD. 2288-71. Passed 7/13/71.)

"(b) Whoever violates this section shall be fined not more than $300.00 or imprisoned not more than 90 days or both."

The facts in this case are that Officer Green of the Kettering Police Department was in the Indian Riffle Park, a part of the city of Kettering Parks System, and he was there to check for people consuming alcoholic beverages in said park. An automobile entered the park with the

defendant riding as a passenger in it. Apparently Officer Green stopped this automobile and when he asked the defendant to show some identification, he noticed a brown paper sack on the floor in front of the defendant. The sack contained eight beers packaged in their original package as they are sold in retail stores and the beer had not been chilled so as to indicate an intent to consume it while the defendant was in the park. The original package in which the beer was sold had not been opened and neither had the sack into which the sales clerk had placed the original package.

It should be noted that in Section 612.12 of the Ordinances of the city of Kettering there is no requirement that the possession of beer or alcoholic beverages in a city park be with the intent to consume said beverage nor is there any presumption set forth in said ordinance that possession shall be presumed to be had with the intent to consume said beverage, unless refuted by the defendant.

Therefore, the issue presented by this case is whether the mere possession of an alcoholic beverage, which is clearly not an inherently dangerous substance, in a city park, without any conduct by the defendant which would indicate an intent to consume the said alcoholic beverage in the park can be made a crime by the council of the city of Kettering.

This court has been unable to find any decisions directly on this point, and the court is not unmindful of the presumption of propriety to be accorded to laws and ordinances passed by the legislative bodies who have the authority to act within the community. However, where an act which is permitted by state statute is made unlawful by a city ordinance, then the court, upon proper motion, may consider whether or not the said council has enacted a proper ordinance.

It is the opinion of this court that the council of the city of Kettering intended to make its park system safe for use by all citizens and that this purpose is certainly within the council's authority. In order to make the park system safe the council apparently felt, and properly so, that those persons who consumed alcohol to an excess within the

parks could cause harm to themselves, to the property and facilities contained in the park, and to other users of the park. It is difficult to see how merely being in possession of an alcoholic beverage within the city park system could in any way endanger those things which the city council sought to protect.

This court suggests that a citizen of this community might while on his way to a supermarket or a carry-out store, both of which are located within a half-mile of the city park involved in this case, drop off his children at the park while he does his shopping. He then purchases an alcoholic beverage for his consumption at home while he is in the supermarket or carry-out, and he then drives back to the park to pick up his children. Is he then to be prosecuted for violation of this law or must he stop at the gate of said park, leave his alcoholic beverage, enter and recover his children, and then recover his alcoholic beverage at the gate and proceed home? This court believes this was not the intent of the council at the time that they considered the enactment of this ordinance.

In the case if *State* v. *Jacobellis* (1962), 173 Ohio St. 22, the Supreme Court was called upon to determine whether mere possession of obscene material was a violation of R. C. 2905.34. The court there held that "mens rea" (guilty purpose), was an essential element of the crime of knowingly possessing obscene material because unless the possessor of such material intends to disseminate it to some other person no harm can be done to any person in society to whom a duty of protection is owed by the legislative authority.

At page 27, in said opinion, the court said: "* * *He could only be said to violate the law when and if he forms the purpose to use, exhibit or sell it wrongfully, in other words, forms the mens rea and acts in furtherance thereof."

In this case we hold that the city council has enacted an ordinance which prohibits the mere possession of an alcoholic beverage in a city park of this city without requiring the proof of an intent to consume the alcoholic beverage in that park while both state statute and city ordinance permit the sale, purchase, and possession of an alcoholic

48

beverage everywhere else in this city (the sale of said beverages being subject to zoning laws).

For the foregoing reasons, this court is of the opinion that Section 612.12 of the Codified Ordinance of the city of Kettering is improper because it does not require that possession of an alcoholic beverage in a city park either be knowingly done or be done with intent to consume it in said park or that said possession shall be presumed to be done with intent to consume it in said park unless refuted by the defendant and the charge against this defendant must therefore be, and it hereby is, dismissed with costs to the city of Kettering.

*Case dismissed.*